Antonio **GERVE**, Petitioner

v.

**DISTRICT DIRECTOR, BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT (BICE), Department of Homeland Security, et al. Defendants.**

No. CIV.3:04CV1829(JBA).

United States District Court, D. Connecticut.

March 29, 2005.

---

Antonio Gerve, Enfield Correctional Institution, Enfield, CT, pro se.

William M. Brown, Jr., U.S. Attorney's Office–NH, New Haven, CT, for Defendants.

*Ruling on Petition for Writ of Habeas Corpus and Bond Request [docs. ## 1, 3, 15]*

ARTERTON, District Judge.

On October 28, 2004, Antonio Gerve filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [doc. # 1], requesting to be released from custody on bond, *see* [doc. # 3], or deported from the United States pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). On November 24, 2004 petitioner was granted permission to file an "amended complaint" [doc. # 15], which the Court will construe as an amended habeas petition, adding as an sec-

ond basis for relief a claim that he should be granted asylum or discretionary relief to prevent his removal to Haiti. As discussed below, Gerve's amended petition for habeas corpus will be denied for failure to exhaust his administrative remedies.

## I. Factual and Procedural Background

Gerve is a Haitian citizen who was granted asylum in this country on January 23, 1996 based on his status as a political supporter of Jean Bertrand Aristide. *See* Amended Pet., Ex. 1, Application for Asylum and for Withholding of Removal; Response to Order to Show Cause [doc. # 18], Ex. A.

On June 9, 1997, petitioner pleaded guilty in the Connecticut Superior Court, Judicial District of New London, to sale of narcotics/hallucinogens in violation of Connecticut General Statutes § 21a–277(a). *See* Response at Ex. B. He was sentenced to ten years imprisonment, suspended with three years probation. *Id.* Although he was not sentenced to a prison term at that time, he apparently remained or reentered state custody, where he was eventually released on December 2, 2004 to the custody of BICE. *Id.* at 3; Amended Pet. at ¶ 10.

Approximately two years after Gerve's drug conviction, on May 26, 1999, the federal government began removal proceedings against him under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which provides that an alien is inadmissible if convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ...." *See* Response, Ex. A. On August 1, 2000, the government amended the charges and proceeded under 8 U.S.C. § 1227(a)(2)(A)(iii), providing that "[a]ny alien who is convicted of an aggravated

felony at any time after admission is deportable." *See* Response, Ex. C.

On May 17, 2001, an Immigration Judge (IJ) sitting in Hartford, Connecticut, ordered Gerve removed on the basis of his criminal conviction, determined that his applications for asylum and withholding of removal were "pretermitted," and his application for deferral of removal was denied. *See* Response, Ex. D, Order of Immigration Judge. The IJ's order indicates that petitioner reserved the right to appeal, but BICE represents that petitioner failed to file an appeal with the Bureau of Immigration Appeals (BIA). Petitioner also states that he "elected not to pursue any further claims of withholding of removal" in 2001. Amended Pet. at ¶ 8. The removal order thus became final. 8 C.F.R. § 1003.39.

Gerve's first petition for a writ of habeas corpus mentioned nothing about asylum. His amended petition asserts that circumstances in Haiti have changed since the order of removal. Specifically, he states that in 2001, when he was ordered removed, Aristide was in power and therefore Gerve, as an Aristide supporter, would have been safe had he returned home. Amended Pet. ¶ 8. However, Gerve states, Aristide's government has since been "overthrown by rebels ... and all pro-Aristide loyalists are tortured and put to death." *Id.* at ¶ 9. Gerve alleges that his "life and welfare will be put in grave danger if he were to be sent back to Haiti," including "torture, beatings and death threats due to his pro-Aristide views...." *Id.* at ¶ 11. For these reasons, Gerve seeks to "renew" his claim for asylum or withholding of removal.

BICE was ordered to respond to Gerve's habeas petition by December 6, 2004. BICE filed a motion for enlargement of time, which was granted to and including January 6, 2005. On or about February 7, 2005, the U.S. Attorney's Office advised the Court that petitioner was scheduled to be removed to Haiti imminently. Because the government had not yet responded to the order to show cause, the Court entered a Stay of Transfer and Removal "for the purpose of giving the Court the opportunity to review a response in considering the merits" of the case. *See* [doc. # 16]. BICE filed its response on February 9, 2005, arguing that this Court was without jurisdiction to entertain the petition because Gerve failed to exhaust his administrative remedies.[1]

## II. Discussion

 The Immigration and Nationality Act provides that a "court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This exhaustion requirement applies in the context of habeas corpus proceedings, and precludes habeas jurisdiction where a petitioner has failed to appeal an IJ's order of removal to the BIA. *Theodoropoulos v. INS*, 358 F.3d 162, 171, 173 (2d Cir.2004). In this case, Gerve reserved his right to appeal the IJ's order of removal, but his appeal was due to the BIA on June 18, 2001 and he admits that he never filed one. His failure to exhaust his administrative remedies deprives this Court of jurisdiction over his habeas petition. *Id.; see also Mejia–Ruiz v. INS*, 51 F.3d 358, 362 (2d Cir.1995) (interpreting

---

1. On March 8, 2005, Gerve mailed a Motion for Withdrawal of Petition for Writ of Habeas Corpus to the Clerk's Office of this Court. This submission was ordered returned for failure to submit an original signature and failure to sign the certificate of service. Because it will not change the result in this case, the Court will not consider this undocketed motion.

predecessor statute to § 1252(d) and holding that under the statute, failure to exhaust "constitutes a clear jurisdictional bar, and admits no exceptions.") (quoting *Roldan v. Racette*, 984 F.2d 85, 90 (2d Cir.1993)).

■■■ Even if this Court had jurisdiction to review the habeas petition, the Court could not find that Gerve is eligible for asylum or withholding of removal. Asylum is not available because Gerve, "having been convicted by a final judgment of a particularly serious crime," 8 U.S.C. § 1158(b)(2)(A)(ii), defined as "an aggravated felony," *id.* § 1158(b)(2)(B)(i), in this case sale of narcotics or hallucinogens in violation of Connecticut General Statutes § 21a–277(a), "constitutes a danger to the community of the United States." 8 U.S.C. § 1158(b)(2)(A)(ii). Likewise, petitioner, having been deemed a danger to the community by virtue of having "been sentenced to an aggregate term of imprisonment of at least 5 years" for an aggravated felony, is not eligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii).

The Court observes that the Convention Against Torture, addresses claims of changed country conditions. 8 C.F.R. § 1003.23(b)(4)(i) ("The time [limit to appeal] shall not apply if the basis of the motion is to apply for asylum ... or withholding of removal under [the INA] or withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."); 8 C.F.R. 1208.17(a) ("An alien who: has been ordered removed; has been found ... to be entitled to protection under the Convention Against Torture; and is subject to the provisions for mandatory denial

of withholding of removal ... shall be granted deferral of removal to the country where he or she is more likely than not to be tortured.").

### III. Conclusion

For the reasons stated above, this Court is without jurisdiction to entertain Gerve's petitions for habeas corpus. Therefore the petitions [docs. ## 1, 15] must be DISMISSED and petitioner's Bond Request [doc. # 3] must be DENIED. The Stay of Transfer and Removal [doc. # 16] will be lifted in 10 days, when the period for reconsideration expires under Fed.R.Civ.P. 52(b).

IT IS SO ORDERED.